UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SHERELL CARTER,

                            Plaintiff,

   -against-

VINCENT BARESE; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),


                            Defendants.
-------------------------------------------------------------------X

***COMPLAINT AND JURY DEMAND***

ECF CASE

Docket No.
1:15-cv-752



Plaintiff Sherell Carter, by her attorney Cary London, Esq. of London Indusi, LLP, for his complaint against the above Defendants alleges as follows:

## PRELIMARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments to the U.S. Constitution.

2. The claim arises from a June 10, 2014 incident in which defendants, acting under color of state law, unlawfully handcuffed Ms. Carter and arrested her for no valid reason in front of 797 Putnam Avenue in Brooklyn, NY. Ms. Carter spent approximately 24 hours unlawfully in police custody. After multiple court appearances, Ms. Carter's case was dismissed and sealed on December 19, 2014.

3. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

## VENUE

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

7. Plaintiff Sherell Carter ("Ms. Carter") resided at all times in Kings County, in the City and State of New York.

8. Defendant Vincent Barese, ("Barese") was, at all times here relevant, a Detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Barese was, at the time relevant herein, a detective under Shield # 1540 in the 81st Precinct. Defendant Barese is sued in his individual capacity.

9. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and

State of New York.

## FACTUAL CHARGES

12. On June 10, 2014, at approximately 4:00 PM, Ms. Carter was lawfully walking near 797 Putnam Avenue, in Brooklyn, N.Y.

13. Ms. Carter walked into 797 Putnam Avenue, paid her son's tutor, and then exited with her son.

14. Before Ms. Carter reached the curb to cross the street outside of 797 Putnam Avenue, Defendant Barese aggressively grabbed Ms. Carter on her shoulders.

15. Defendant Barese pulled Ms. Carter by the shoulders and turned her around.

16. When Ms. Carter was forcefully turned around, she saw Defendant Barese and unidentified defendants.

17. Defendants unlawfully handcuffed and arrested Ms. Carter.

18. At no point did the Defendants observe Ms. Carter commit any crime or offense.

19. The Defendants had no probable cause to arrest Ms. Carter.

20. Ms. Carter did not violate any law or local ordinance.

21. Defendant Barese placed Ms. Carter in a police vehicle.

22. Ms. Carter's son was left alone on the street outside of 797 Putnam Avenue.

23. After placing Ms. Carter in a police vehicle, Defendant Barese approached Ms. Carter's son, and brought him over to the car window.

24. Defendant Barese told Ms. Carter's son outside the vehicle, "Look at your mom. She's a criminal. Look at her."

25. Ms. Carter was then taken to central booking to await arraignment.

26. While Plaintiff was in central booking, Defendants, including Barese, acting with

malice, conveyed false information to prosecutors in order to have plaintiff prosecuted for Criminal Possession of a Controlled Substance in the Third Degree and other related charges.

27. Ms. Carter was unlawfully held in police custody and arraigned on those charges.

28. Ms. Carter spent approximately 24 hours unlawfully in police custody.

29. At arraignments on June 11, 2014, the Judge released Ms. Carter on her own recognizance.

30. On December 19, 2014, the case was dismissed and sealed.

31. At all times relevant hereto, Defendants were involved in the decision to arrest Ms. Carter without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Ms. Carter without probable cause.

32. During all of the events described, Defendants acted maliciously, willfully, knowingly and with the specific intent to injure Ms. Carter and violate her civil rights.

33. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages, a violation of her rights pursuant to the Fourth and Fourteenth Amendment of the United States Constitution, physical pain and suffering, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of liberty and harm to reputation.

**FIRST CAUSE OF ACTION**
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

34. The above paragraphs are here incorporated by reference as though fully set forth.

35. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

36. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and

imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

37. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

38. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

39. The above paragraphs are here incorporated by reference as though fully set forth.

40. By their conduct, as described herein, Defendants are liable to Plaintiff for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

41. Defendants, acting with malice, initiated a prosecution against Plaintiff and caused him to be prosecuted.

42. The prosecution by Defendants of Plaintiff constituted malicious prosecution in that there was no basis for Plaintiff's arrest, yet Defendants continued with the prosecution, which was resolved in Plaintiff's favor.

43. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

44. The above paragraphs are here incorporated by reference as though fully set forth.

45. Those Defendants that were present but did not actively participate in the

aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

46. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

47. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c) Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e) Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: February 12, 2015
Brooklyn New York

Respectfully submitted,

/s/ Cary London, Esq.
*Cary London, Esq.*
Bar Number: CL2947
Attorney for Ms. Carter
London Indusi LLP
186 Joralemon Street, Suite 1202
Brooklyn, NY 11201
(718) 301-4593 – Phone
(718) 247-9391 – Fax
Cary@LondonIndusi.com